# CHARLESTON.

CENTRAL TRUST CO. *v.* BANK OF MULLENS *et al.*

(No. 6653)

Submitted April 23, 1930.   Decided April 29, 1930.

120

*Herndon & Partlow, Samuel A. Christie* and *Sidney L. Christie* and *E. A. Hansbarger,* for appellant.

*Brown, Jackson & Knight,* for appellees.

LIVELY, PRESIDENT:

The Bank of Mullens became insolvent and was closed by the banking commissioner on April 20, 1927. This cause was instituted by its receiver to wind up the affairs of the insolvent bank. The appellant, First National Bank of Williamson, claimed priority over the general creditors of the bank for the sum of $1,028.05 evidenced by a cashier's check of the insolvent bank; the priority and preference were denied, and this appeal followed.

Appellant's claim originated as follows: Albert Cattaruzza had formerly lived at Mullens, and had accumulated $1,028.05 to his credit in the Bank of Mullens as a savings. Later, he moved to Williamson, and on April 9, 1927, he delivered to appellant his check for the amount of his savings, together with his passbook of savings in the Bank of Mullens. Appellant immediately sent the check and passbook to the Bank

of Mullens, with letter requesting collection and remittance. On April 12, 1927, the check and passbook reached Bank of Mullens, which, on that day, issued its cashier's check in payment, and forwarded same to appellant. Cattaruzza's savings account was then balanced and closed. Appellant received the cashier's check, credited it to Cattaruzza with whom it opened an account, and paid therefrom on his checks the sum of $230. Upon receiving the cashier's check, appellant promptly sent the same for payment through its customary channels. It reached Mullens through a federal exchange bank on April 20th, the very day the bank was closed by the banking commissioner, and it was returned to appellant unpaid because of that fact. A receiver was later appointed. It is stipulated that at the time the Bank of Mullens issued its cashier's check payable to appellant it had on hand, and has always since had, more than enough cash to pay the cashier's check. Appellant intervened in this suit by petition and set up its claim for preference. A master commissioner reported that appellant's claim was not entitled to preference, but should be paid pro rata with general creditors. Appellant excepted to the report, the court overruled the exceptions, and confirmed the report by decree of February 27, 1929; from which decree this appeal was taken.

Since this decree was entered the principles of law applicable to the facts above set out (and about which facts there is no controversy) were pronounced at length in this same cause on October 15, 1929, in *Central Trust Co., Receiver* v. *Bank of Mullens,* 108 W. Va. 12, 150 S. E. 137. It would serve no useful purpose to reiterate the reasons and review the authorities and decisions there discussed. When the Bank of Mullens made the collection for immediate remittance of the Cattaruzza check and closed his account, the relation of principal and agent between the banks existed and continued, and the Bank of Mullens held the amount in trust for appellant and not as a debtor of the latter. There were no mutual accounts between the two banks. It makes no difference that the amount of the check was not formally separated from the bank's general funds and labeled as being the prop-

erty of appellant. It was impressed with the trust and could easily be traced in the hands of the receiver. *Hawaiian Pineapple Co.* v. *Browne,* 69 Mont. 140, 220 P. 1114, and other cases cited in *Central Trust Co., Receiver* v. *Bank of Mullens,* supra.

Besides, the drawing and delivery of the cashier's check payable to appellant in payment of the money the bank had collected from Cattaruzza's savings operated as an assignment pro tanto of that sum from the bank's funds, and it makes very little difference whether appellant or Cattaruzza was the beneficiary. The authorities are collated in *Central Trust Co.* v. *Bank of Mullens,* supra.

The decree of February 27, 1929, in so far only as it denies to appellant a preference in the payment of its claim over the general creditors of the bank, is reversed, and the cause remanded.

*Reversed and remanded.*